UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHERRY SHERETTE J. BROOKS**<br>    **LA. DOC #542165** | **CIVIL ACTION NO. 3:14-cv-3455** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **APRIL BAUER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Sherry Sherette J. Brooks, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 1, 2014. When she filed her complaint plaintiff was an inmate in the custody of Louisiana's Department of Corrections. She was incarcerated at the Louisiana Transitional Center for Women (LTCW)/Madison Parish Correctional Center (MPCC), Tallulah, Louisiana and complained about conditions of confinement at that institution. Shortly after filing her suit she was released from custody and gave a residential address in Denham Springs, Louisiana as her current abode. On April 13, 2015, the undersigned completed an initial review of the pleadings and exhibits and ordered the plaintiff to cure various defects in the pleading on or before May 13, 2015. [Doc. 16] Plaintiff has not responded to the order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v.*

*Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed plaintiff to amend and provide the information needed to further evaluate her claims. Plaintiff has disregarded the order to amend, and, has not contacted the court since February 11, 2015, the date she submitted her properly executed application to proceed *in forma pauperis*.[1]

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

---

[1] It is unclear whether dismissal at this time will result in the complete forfeiture of plaintiff's claims should she desire at some later date to pursue them. Nevertheless, dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As previously noted, plaintiff has submitted an inadequate pleading; she was instructed to amend to provide factual support for her claims; however, she has failed to do so within the time limitation provided. As noted above, the order did not seek a legal brief on plaintiff's part; indeed, the amend order directed her to provide only **FACTS** and still plaintiff has refused to comply. Further, plaintiff has been out of custody since January 2015 and nevertheless she has failed to either amend her complaint or otherwise advise the Court of her intentions with regard to this suit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, September 3, 2015.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**